## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF RHODE ISLAND

IN RE:   MARC J. PEARLMAN,                    Case No. 04-12257-ANV
                Debtor                                          Chapter 7

### MEMORANDUM IN SUPPORT OF MOTION OF CITIBANK, N.A., AS TRUSTEE FOR RELIEF FROM THE AUTOMATIC STAY

1. CitiBank, N.A., as Trustee, assignee of Chase Manhattan Mortgage Corporation, assignee of Greenwich Mortgage Corporation (the "Lender") is a banking organization, with a place of business located at 111 Wall Street, 5th Floor, Zone 1, New York, New York. Chase Home Finance, LLC, successor by merger to Chase Manhattan Mortgage Corporation services this loan for the Lender.

2. Counsel to the Lender, Partridge Snow & Hahn LLP, collects debts for mortgage lenders and any information obtained in that regard will be used for that purpose.

3. Upon information and belief, Marc J. Pearlman (the "Debtor") resides at 6 Ralls Drive, Cranston, Rhode Island, and the above case was commenced on July 14, 2004, by the filing of a petition for relief pursuant to Chapter 7 of Title 11 of the United States Code.

4. The Debtor and AnnaMaria A. Pearlman (the "Codebtor") are the owners of that certain real estate and improvements located at 6 Ralls Drive, Cranston, Rhode Island (the "Premises").

5. On or about December 24, 1998, the Debtor and the Codebtor executed a promissory note in favor of the Lender having an original principal balance of $211,250.00 (the "Note").

6. On or about December 24, 1998, as security for the payment of the Note, the Debtor and the Codebtor granted a first mortgage on the Premises (the "Mortgage") to the Lender. The Mortgage was recorded in the Land Evidence Records of the City of Cranston, Rhode Island, in Book 1063 at Page 830.

7. The Note and the Mortgage are now and continually have been in default since February 1, 2005, due to the failure of the Debtor and the Codebtor to make payments thereunder.

8. As of March 10, 2005, there was due and owing pursuant to the Note the amount of $200,468.88, plus interest and expenses, including reasonable attorneys' fees.

9. There are 2 payments due in the amount of $2,440.07 each for a total of $4,880.14. The missing payments are for the months of February and March, 2005. There are also 2 late charges due in the amount of $43.77 each for the months of February and March, 2005, for a total of $87.54. Other charges due are legal fees and costs in the amount of $850.00 for this motion for relief, and escrow shortage of $1,216.22. The total amount in arrears on this loan as of March 23, 2005, is $7,033.90.

10. The amount of the monthly payment owed to the Lender is $2,440.07. The monthly late charge amount is $43.77.

11. In addition to the Mortgage, there are additional liens and encumbrances on the Premises as set forth below:

>(a) Execution of Saunders Real Estate Corporation dated December 18, 2000 in the amount of $69,849.04, and recorded in Book 1609 at Page 340. An Order granting the Debtor's Motion to Avoid this lien was entered by the Court on March 14, 2005.

12. The Debtor lists the value of the Premises as $330,000.00 in his Schedules.

In Re:  Marc J. Pearlman                                          Case No. 04-12257-ANV, Chapter 7

13. The Debtor has indicated in his Statement of Intention that he intends to retain the Premises but not reaffirm the debt, thereby violating 11 U.S.C. § 521(2)(B).

14. The Lender is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362 (d)(1) for cause, for the failure of the Debtor to make payments to the Lender pursuant to the terms of the Note and the Mortgage and for failure to perform under 11 U.S.C. § 521(2)(B).

WHEREFORE, the Lender prays that the automatic stay existing pursuant to 11 U.S.C. § 362 be modified to permit the Lender and/or its successors and/or assigns to exercise its rights pursuant to the Note and the Mortgage, including the power of sale with respect to the Premises; that, if the requested relief from stay is unopposed, it be granted a waiver of the ten day stay imposed by Fed. R. Bankr. P. 4001 (a)(3); and that the Lender and/or its successors and/or assigns have such other and further relief as is just, including the right to evict the Debtor from the Premises should the Lender and/or its successors and/or assigns be the successful bidder at foreclosure.

CITIBANK, N.A., AS TRUSTEE

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Catherine V. Eastwood
Catherine V. Eastwood (#6406)
180 South Main Street
Providence, RI  02903-7120
(401) 861-8200/(401) 861-8210 FAX
cve@psh.com

Dated:  March 23, 2005

791282_1/1618-1077