UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - -x

In re:                              :

MARC J. PEARLMAN                    :    BK No. 04-12257
      Debtor                             Chapter 7

- - - - - - - - - - - - - - - - -x

### ORDER ALLOWING EXEMPTION IN COMMERCIAL PROPERTY
### OWNED AS TENANTS BY THE ENTIRETY

Heard on the Trustee's Objection to the Debtor's claim of exemption in a commercial property located in East Providence, Rhode Island.[1] Saunders Real Estate Corporation, a judgment lien creditor, joins in the Trustee's objection. The Debtor, who with his non-debtor wife, holds the property as tenants by the entirety, and claims the whole property as exempt by virtue of said tenancy. The Trustee contends that under Rhode Island law (1) only a debtor's principal residence may be owned as tenants by the entirety, and (2) that such ownership is not applicable as to commercial property. At stake is whether the estate owns merely a contingent future expectancy interest in the commercial property, as described in *In re Bois*, 191 B.R. 279 (Bankr. D.R.I. 1996), or something substantially more, if the Trustee's objection is

---

[1] The Trustee had also objected to the Debtor's claimed exemption in a cabana at Bonnet Shores, Rhode Island, but conceded at oral argument that the estate only had a contingent future expectancy interest in that property.

BK No. 04-12257

sustained.[2] For the reasons discussed below, this Court concludes: (1) that in Rhode Island commercial real estate may be owned as tenants by the entirety; (2) that ownership by the entirety is not limited to the homestead; and (3) that the bankruptcy estate's interest in the subject property is limited to the value of the Debtor's contingent, future expectancy interest. *Id.*

## DISCUSSION

Under 11 U.S.C. § 541(a), courts commonly rule that a debtor's undivided interest in property owned as tenants by the entirety is part of the bankruptcy estate. *In re Furkes*, 65 B.R. 232, 234 (D.R.I. 1986). "It is, however, the province of state (rather than federal) law to determine the nature and extent of a debtor's property interests." *Id.*; *see also McNeilly v. Geremia (In re McNeilly)*, 249 B.R. 576, 580 (B.A.P. 1st Cir. 2000). At issue here is whether, under Rhode Island law, real property which is not the debtor's homestead may be owned as tenants by the entirety.

In *In re Homonoff*, 261 B.R. 551, 555 (Bankr. D.R.I. 2001), while addressing the question whether household furniture may be owned as entireties property, I learned that under early Rhode

---

[2] The commercial property has been appraised at $300,000 and is subject only to Saunders' judicial lien in the amount of $91,000.

2

BK No. 04-12257

Island common law there was a presumption favoring tenancies by the entirety, so that when there was simply a general or nonspecific conveyance of property to a husband and wife, it was presumed that the grantees took the property as tenants by the entirety. Our research also revealed that in 1896 the Married Woman's Act, now codified at R.I. Gen Laws § 15-4-1 (2003), altered the common law by eliminating this presumption. *Id.* See *Van Ausdall v. Van Ausdall,* 48 R.I. 106, 135 A. 850 (1927), where the Court stated:

> A result based upon sound principles and in accordance with the modern spirit is reached by holding that the presumption in construing a deed to husband and wife as "joint tenants" is that they take by moieties as if sole and unmarried. If the ancient tenure by entirety with its peculiar incidents is sought to be created, it should be done by clear and unmistakable language, and should not depend upon the aid of a presumption based on an outworn legal fiction.

*Id.* at 852; see also *Bloomfield v. Brown,* 67 R.I. 452, 25 A.2d 354, 359 (1942) ("The possibility of creating an estate by entirety has not been removed by the married woman's act, provided that the intention to create such an estate clearly appears in the conveyance"). Because in *Homonoff* there was no evidence or indicia of intent to create such a tenancy, we ruled that the personal property was not owned as tenants by the entirety.

Given the prior case law and the fact that, except for the Married Woman's Act, the Rhode Island legislature has not otherwise

3

BK No. 04-12257

altered the common law with regard to the creation of tenancies by the entirety, it appears that in Rhode Island a husband and wife may own real estate, other than their principal residence, as tenants by the entirety, provided that the intent to create such an estate clearly appears in the conveyance. In the instant case the objectors have not questioned the Pearlmans' intent to create such a tenancy, nor has any other substantive objection to the creation of a tenancy by the entirety been raised. Accordingly, I conclude that the subject commercial property is owned as tenants by the entirety and that the Trustee's only interest therein is the Debtor's contingent future expectancy interest, which, as Judge Bruce Selya puts it, may be sold by the Trustee "if anyone can be persuaded to buy it." See *In re Furkes*, 65 B.R. at 236. For the foregoing reasons, the Trustee's objection to the Debtor's claimed exemption in the Warren Avenue property is OVERRULED.

Enter judgment consistent with this Order.

Dated at Providence, Rhode Island, this 18th day of April, 2005.

Arthur N. Votolato
U.S. Bankruptcy Judge

Entered on docket: 4/18/2005

#J-04-bk-12257-67

4